UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| Feed Adam, LLC, | ) |
| | ) Civil Action No. 16cv4115-LRR |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT AND** |
| | ) **JURY TRIAL DEMAND** |
| Woodbolt Distribution, LLC | ) |
| DBA Nutrabolt, | ) |
| | ) |
| Defendant. | ) |

Plaintiff, Feed Adam, LLC, for its Complaint against Defendant Woodbolt Distribution, LLC (DBA Nutrabolt), states and alleges as follows:

## THE PARTIES

1. Plaintiff Feed Adam, LLC ("Plaintiff" or "Feed Adam") is an Iowa Limited Liability Company with a principal place of business at 516 Delaware Avenue NW, Orange City, Iowa 51041.

2. Defendant Woodbolt Distribution, LLC, DBA Nutrabolt ("Defendant" or "Defendant Nutrabolt") is a Delaware Limited Liability Company with a principal place of business 3891 South Traditions Drive, Bryan, Texas 77807.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement, unfair competition and false designation under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and state trademark infringement, unfair competition, unjust enrichment and dilution. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338, as well as 15 U.S.C. § 1121, as well as supplemental

jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of costs and interest, exceeds Seventy-Five Thousand Dollars ($75,000.00).

4. This Court has personal jurisdiction over Defendant Nutrabolt because Defendant Nutrabolt has been and is engaged in distributing, offering to sell and selling products that infringe Feed Adam's trademarks and in acts that constitute unfair competition nationwide including, but not limited to, in the state of Iowa.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 (b) and (c) because Feed Adam resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this Judicial District.

## FACTUAL BASIS

6. Feed Adam is a manufacturer and seller of FLYJOY food bars. FLYJOY food bars are made with an all-natural nut butter base and a nutritious mix of quinoa, grains, nuts and dried fruit. FLYJOY food bars come in 6 flavors and are packed with healthy ingredients that boost energy. Every FLYJOY snack bar is all-natural, gluten-free, non-GMO, kosher certified and vegan. A portion of the profit from each FLYJOY bar goes to HOPE International, a nonprofit organization that empowers families to break the cycle of poverty.

7. FLYJOY food bars are sold and distributed through various brick-and-mortar stores and online retailers, including, HyVee, Direct Eats, Vitacost, Fareway Food Stores, Thom's Market, Treasure Island, Kings Food Market, CIBO Express Gourmet Markets, flyjoy.com, amazon.com, bulubox.com, and urthbox.com. FLYJOY food bars are sold in the following distinctive and non-functional packaging ("FLYJOY Packaging"):








8. Feed Adam is also the owner of a U.S. trademark registration for the trademark FLYJOY in connection with food bars and online retail store services and wholesale distributors featuring food bars.

9. Feed Adam is the owner of U.S. Trademark Registration Number 4,660,887, summarized as follows:

| Mark/Name | Full Goods/Services | App. Info. & Reg. Info. |
|---|---|---|
| **FLYJOY** | (Int'l Class: 29)<br>Nut butter based food bars, also containing quinoa, chia, flax, oats, and/or almonds and peanuts<br><br>(Int'l Class: 35)<br>Online retail store services and wholesale distributorships featuring nut butter based food bars | RN: 4,660,887<br><br>Registered on December 23, 2014<br><br>SN: 86/130113<br><br>Filed on November 26, 2013 |

(hereinafter, "the Asserted Mark," "the FLYJOY Mark" or "Plaintiff's Mark"). Information relating to Plaintiff's federal registration for the Asserted Mark and printed from the United States Patent and Trademark Office ("USPTO") website is attached as **Exhibit A** hereto.

10. The registration for the FLYJOY Mark was issued in compliance with the law, is valid and in full force and effect. Feed Adam's registration for the FLYJOY Mark is *prima facie* evidence of the validity of the registered mark, registration of the mark, of Feed Adam's ownership of the mark, and of Feed Adam's exclusive right to use the mark pursuant to 15 U.S.C. § 1057(b).

11. In addition, the registration constitutes constructive use of the mark, conferring Feed Adam nationwide priority as of the filing date of the application, namely as of November 26, 2013.

12. Defendant Nutrabolt has been on constructive notice of Feed Adam's rights in the FLYJOY Mark since November 26, 2013.

13. Feed Adam also has common law rights in its FLYJOY Mark in connection with food bars, retail services featuring food bars, and wholesale distributorships featuring food bars.

14. Feed Adam has advertised and promoted its FLYJOY Mark extensively, and has made substantial sales of its food bars and related services bearing the FLYJOY Mark. A few examples of promotions FLYJOY has executed in the past and has committed to executing in the near future include: October 2015 – 10,000 FLYJOY samples in Urthbox (a healthy subscription snack box) and again in September 2016 – 48,480 FLYJOY samples, January 2015 – 5,760 FLYJOY samples in Bulu Box (a monthly vitamin and supplement subscription box) and again in October and November 2016 – 18,000 FLYJOY samples, August 2015 – 3,250 FLYJOY samples in Causebox (a socially conscious subscription box), April 2016 – 4,000 FLYJOY

samples at the Austin 10/20 Marathon, and October 2016 – 47,000 FLYJOY samples at the Chicago Marathon.

15. The result of these activities is that the Asserted Mark has achieved widespread consumer recognition, making it a strong mark entitled to broad protection against infringement.

16. Plaintiff's ownership of the FLYJOY Mark and registration accord Plaintiff exclusive nationwide and common law rights to the use of the FLYJOY Mark for the covered goods and services, and the right to prevent others from making infringing use of the FLYJOY Mark or any mark confusingly similar thereto.

17. Upon information and belief, Defendant Nutrabolt recently began promoting and selling directly competitive food bars under a confusingly similar name and in confusingly similar packaging. Specifically, Defendant Nutrabolt has begun selling FITJOY food bars, which are labeled as GMO-free and gluten-free. FITJOY snack bars come in 6 flavors, and are sold in the following packaging ("FITJOY Packaging"):








18. Defendant Nutrabolt owns and operates an active website located at fitjoynutrition.com, where it promotes and sells its FITJOY food bars.

19. Upon information and belief, Defendant Nutrabolt promotes and uses the FITJOY Mark and the FITJOY Packaging in this judicial district and nationwide. Upon information and belief, FITJOY bars are available in brick and mortar stores and through on-line vendors, including GNC, amazon.com, theVitaminShoppe, and BodyBuilding.com.

20. FLYJOY food bars and FITJOY food bars are marketed, promoted and sold to the same consumers through overlapping channels of trade.

21. Upon information and belief, Defendant Nutrabolt owns the following pending U.S. trademark applications:

| Mark/Name | Full Goods/Services | App. Info. |
|---|---|---|
| **FITJOY** | (Int'l Class: 30) Cereal based food bars and ready to eat food bars, all containing protein; Chocolate-based ready-to-eat food bars; Granola-based snack bars; High-protein cereal bars; High-protein, low carbohydrate cereal-based and chocolate-based snack bars | SN: 86/875462<br><br>Filed on January 14, 2016<br><br>Intent-to-Use Filing Basis<br><br>Published on June 7, 2016<br><br>*See **Exhibit B**. |
| **FITJOY** | (Int'l Class: 29) Dairy-based snack foods excluding ice cream, ice milk and frozen yogurt; Fruit-based snack food; Nut- and dried fruit- based snack bars; Nut-based snack foods; Protein based, nutrient-dense snack bars | SN: 86/875456<br><br>Filed on January 14, 2016<br><br>Intent-to-Use Filing Basis<br><br>Published on June 7, 2016<br><br>*See **Exhibit C**. |
| **FITJOY** | (Int'l Class: 5) Dietary and nutritional supplements | SN: 86/875264<br><br>Filed on January 14, 2016<br><br>Intent-to-Use Filing Basis<br><br>Published on June 7, |

| Mark/Name | Full Goods/Services | App. Info. |
|---|---|---|
|  |  | 2016 *See **Exhibit D**. |
| **FITJOY** | (Int'l Class: 32) Concentrates and powders used in the preparation of energy drinks and fruit-flavored beverages; Energy drinks; Protein-enriched sports beverages | SN: 87/099920<br><br>Filed on July 11, 2016<br><br>Intent-to-Use Filing Basis<br><br>Scheduled to publish on September 6, 2016<br><br>*See **Exhibit E**. |

Information relating to Defendant Nutrabolt's federal applications for the FITJOY marks taken and printed from the United States Patent and Trademark Office ("USPTO") website is attached and labeled as Exhibit B, Exhibit C, Exhibit D and Exhibit E as noted in the chart above.

22. Upon information and belief, Defendant Nutrabolt uses the mark FITJOY on social media to promote and direct viewers to the website fitjoynutrition.com, wherein users can read about, and purchase, Defendant Nutrabolt's FITJOY food bars directly or be directed to other retailers that sell Defendant Nutrabolt's FITJOY food bars.

23. Upon information and belief, Defendant Nutrabolt uses the term DISCOVERNOW to promote its FITJOY food bars, and also promotes charitable causes through its sale of FITJOY food bars.

24. Defendant Nutrabolt's FITJOY Mark is confusingly similar to Plaintiff's FLYJOY Mark. Both marks (a) are used as brand names for food bars; (b) are compound word marks comprised of six (6) letters; (c) are two (2) syllables in length; (d) end in the term "JOY;" and (e) begin with the letter "F."

25. Defendant Nutrabolt's FITJOY Packaging is also confusingly similar to Feed Adam's FLYJOY Packaging, further adding to the likelihood of consumer confusion. The respective product packaging is generally white and predominantly displays the term FLYJOY/FITJOY in all capital letters in similar fonts and of similar size. The respective product packaging states that the products are gluten-free and GMO-free, and also includes a secondary color on the side(s), and these secondary colors are blue, brown, yellow, or red, among others. Feed Adams's and Defendant Nutrabolt's 12-bar packaging both contain a section labeled "Our Story," which describes how the products came about as follows:













26. Defendant Nutrabolt's use of the name FITJOY for food bars in interstate commerce began after Feed Adam first used the FLYJOY Mark. Defendant Nutrabolt's use of the name FITJOY for food bars in interstate commerce began after the filing date of Plaintiff's FLYJOY Mark, namely after November 26, 2013. Upon information and belief, Defendant Nutrabolt's use of the name FITJOY for food bars in interstate commerce began after the earliest filing date for any of Defendant Nutrabolt's FITJOY trademark applications, namely after January 14, 2016.

27. Defendant Nutrabolt's use of the FITJOY Packaging for food bars in interstate commerce began after Feed Adam first used the FLYJOY Packaging.

28. Defendant Nutrabolt has been made aware of Feed Adam's prior rights in the FLYJOY Mark and the likelihood of confusion created by Defendant Nutrabolt's new FITJOY food bars. Feed Adam sent Defendant Nutrabolt a cease and desist letter, but Defendant Nutrabolt refuses to cease use of the FITJOY Mark or alter its FITJOY Packaging, and continues to infringe Feed Adam's FLYJOY Mark.

29. Defendant Nutrabolt's use of the substantially similar FITJOY Mark and FITJOY Packaging in connection with the same type of products targeted at the same types of consumers through the same trade channels as Feed Adam constitutes trademark infringement and unfair business practices as such use is likely to confuse the relevant consuming public into believing the goods of Defendant Nutrabolt are affiliated with or sponsored by Feed Adam. In addition, because Defendant Nutrabolt is a much larger entity than Plaintiff and is likely to be able to advertise and promote its products much more heavily than Plaintiff, there is a very real risk of reverse confusion in this case, namely that consumers made familiar with Defendant Nutrabolt's FITJOY food bars may later encounter Plaintiff's FLYJOY food bars and mistakenly believe that Plaintiff has infringed Defendant Nutrabolt, further damaging Plaintiff, its trademark and its good will.

30. Not only is confusion likely to occur between the FITJOY and FLYJOY food bars, but actual confusion has already occurred in the marketplace, and is likely to continue occurring unless and until Defendant Nutrabolt voluntarily rebrands or is enjoined.

31. The confusion caused by Defendant Nutrabolt's use of the FITJOY Mark and the FITJOY Packaging has harmed Plaintiff and will continue to do so unless and until Defendant Nutrabolt is enjoined.

32. Defendant Nutrabolt is aware of the Plaintiff's prior rights referenced above.

33. In addition, Plaintiff's registration has provided constructive notice of Plaintiff's rights, including through the Plaintiff's use of the ® symbol in connection with its mark.

34. Defendant Nutrabolt has used a mark and product packaging that are confusingly similar to the Plaintiff's FLYJOY Mark and FLYJOY Packaging in connection with the promotion and/or sale of the same type of goods of the Plaintiff without the consent of the Plaintiff in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods and services.

35. Defendant Nutrabolt has used a mark and product packaging that are confusingly similar to the Plaintiff's FLYJOY Mark in connection with the promotion and/or sale of goods virtually identical to the goods of the Plaintiff without the consent of the Plaintiff in a manner which is causing actual confusion, mistake, and deceiving as to source or origin.

36. Actual confusion has occurred between Defendant Nutrabolt's use of FITJOY Mark and the FITJOY Packaging and Plaintiff's use of the Plaintiff's FLYJOY Mark and FLYJOY Packaging.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

37. Plaintiff repeats and realleges paragraphs 1-36 above.

38. This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127 and 15 U.S.C. §§ 1114, 1117.

39. Defendant Nutrabolt has used a mark substantially similar to Plaintiff's federally registered FLYJOY Mark in connection with the promotion and/or sale of food bars without the consent or authorization of the Plaintiff in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those services.

These activities have led to and are likely to lead to confusion in the marketplace, both forward and reverse confusion. Defendant Nutrabolt's use of the FITJOY mark is likely to mislead and cause customers and/or the general public to believe that the Defendant Nutrabolt's goods are offered by or under the authority of Plaintiff. Defendant Nutrabolt's use of the FITJOY mark infringes Plaintiff's rights in its federally registered FLYJOY Mark.

40. Plaintiff's goodwill in its Asserted Mark will be irreparably harmed if Defendant Nutrabolt continues its actions.

41. Defendant Nutrabolt's actions constitute trademark infringement under 15 U.S.C. § 1114.

42. Upon information and belief, Defendant Nutrabolt's actions were taken in willful, deliberate and intentional disregard to Plaintiff's rights. This case is exceptional under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

43. Plaintiff has been damaged by the actions of Defendant Nutrabolt in an amount which is as yet undetermined. If the acts of Defendant Nutrabolt are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION

44. Plaintiff repeats and realleges paragraphs 1-43 above.

45. The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. §§ 1051 - 1127 and 15 U.S.C. § 1125(a).

46. Defendant Nutrabolt's use of the FITJOY Mark in connection with the promotion and/or sale of goods virtually identical to the goods of Plaintiff without the consent of Plaintiff is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or

association of Defendant Nutrabolt or its FITJOY food bars with Plaintiff or its FLYJOY food bars, and/or as to the origin, sponsorship, or approval of Defendant Nutrabolt's goods by Plaintiff in violation of 15 U.S.C. § 1125(a).

47. Defendant Nutrabolt's acts constitute a willful false designation of origin and misrepresentation in violation of 15 U.S.C. § 1125(a).

48. Plaintiff has been damaged by the actions of Defendant Nutrabolt in an amount which is as yet undetermined. If the acts of Defendant Nutrabolt are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

49. Plaintiff repeats and realleges paragraphs 1-48.

50. Defendant Nutrabolt's acts complained of above are likely to cause confusion with Feed Adam's FLYJOY Mark in violation of the common law of the State of Iowa.

51. Defendant Nutrabolt's acts complained of above constitute trademark infringement in violation of the common law of the State of Iowa.

52. The acts of Defendant Nutrabolt complained of above are likely to deceive the relevant consuming public into accepting and purchasing Defendant Nutrabolt's goods in the mistaken belief that they are Feed Adam's goods, or that they are sponsored by, connected with, or supplied under the supervision of Feed Adam.

53. As a result of Defendant Nutrabolt's acts, Feed Adam has already suffered damage and will continue to suffer damage, while Defendant Nutrabolt profits at Feed Adam's expense. Defendant Nutrabolt's activities entitle Feed Adam to Defendant Nutrabolt's profits and to damages for such infringement.

54. Unless Defendant Nutrabolt is enjoined, Feed Adam has no adequate remedy at law and will be irreparably harmed.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

55. Plaintiff repeats and realleges paragraphs 1-54 above.

56. The acts of Defendant Nutrabolt complained of above constitute unfair competition in violation of the common law of the State of Iowa.

57. The acts of Defendant Nutrabolt complained of above are likely to deceive the relevant consuming public into accepting and purchasing Defendant Nutrabolt's goods in the mistaken belief that they are Feed Adam's goods, or that they are sponsored by, connected with, or supplied under the supervision of Feed Adam.

58. Defendant Nutrabolt's adoption and use of the FITJOY Mark and the FITJOY Packaging to identify its food bars constitutes unfair competition.

59. Defendant Nutrabolt's actions constitute unfair competition, palming off, unjust enrichment and misappropriation of Feed Adam's rights under the common law of the State of Iowa.

60. As a result of Defendant Nutrabolt's acts, Feed Adam has already suffered damage and will continue to suffer damage, while Defendant Nutrabolt profits at Feed Adam's expense. Defendant Nutrabolt's activities entitle Feed Adam to Defendant Nutrabolt's profits and to damages for such acts of unfair competition.

61. Unless Defendant Nutrabolt is enjoined, Feed Adam has no adequate remedy at law and will be irreparably harmed.

# COUNT V

## REFUSAL OF REGISTRATION OF THE FLYJOY APPLICATIONS (U.S. TRADEMARK APPLICATION SERIAL NOS. 86/875462, 86/875456, 86/875264 and 87/099920) UNDER 15 U.S.C §§ 1064 AND 1119

62. Plaintiff repeats and realleges paragraphs 1-61 above.

63. When Defendant Nutrabolt applied to register the FITJOY trademarks in International Classes 30, 29, 5 and 32, it at least had constructive notice, if not actual notice, of Feed Adam's prior use and registration of the FLYJOY Mark for the same and highly related goods.

64. The FITJOY mark so closely resembles Feed Adam's prior used and prior registered FLYJOY Mark as to be likely, when used in connection with food bars, snack foods, nutritional supplements, and energy drinks and concentrates, to cause confusion, mistake, or deception as prohibited by Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), such that the intended registration of the FITJOY mark for the same and similar goods would damage, and is damaging, Feed Adam.

65. The federal registrations of the FITJOY mark (U.S. Trademark App. Nos. 86/875462, 86/875456, 86/875264 and 87/099920) in International Classes 30, 29, 5 and 32 would therefore be wrongfully obtained.

66. Pursuant to 15 U.S.C. §§ 1064 and 1119, the Court should direct the USPTO to refuse registration of the FITJOY federal applications (App. Nos. 86/875462, 86/875456, 86/875264 and 87/099920).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

A. Preliminarily and permanently enjoining and restraining the Defendant Nutrabolt and Defendant Nutrabolt's directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendant Nutrabolt:

1. from using in any way the Asserted Mark or any other marks, words or names confusingly similar to Plaintiff's Mark as the name or mark for any of Defendant Nutrabolt's goods;

2. from committing any acts of unfair competition and from creating a false designation of origin or a false description or representation with respect to Plaintiff's Mark;

4. from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods which are not Plaintiff's goods as those of Plaintiff;

5. from using in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the Defendant Nutrabolt's goods bearing the FITJOY Mark or FITJOY Packaging, and any other mark, word, design or name confusingly similar to Plaintiff's Mark and the FLYJOY Packaging;

6. from making any statements on promotional materials or advertising for the Defendant Nutrabolt's goods which are false or misleading as to source or origin;

7. from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendant Nutrabolt's goods are the goods of Plaintiff or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff under the supervision or control of Plaintiff.

B. Requiring that the Defendant Nutrabolt deliver up to Plaintiff any and all packaging, containers, signs, packaging materials, printing plates, and advertising or promotional

materials and any materials used in the preparation thereof, which in any way use or make reference to the FITJOY Mark and the FITJOY Packaging in connection with Defendant Nutrabolt's goods.

C. Requiring that Defendant Nutrabolt, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendant Nutrabolt has complied with the Court's order pursuant to paragraphs A - B above.

D. Requiring Defendant Nutrabolt to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendant Nutrabolt's profits, statutory damages, attorneys' fees, and costs, and ordering that the amount of damages awarded Plaintiff be increased three times the amount thereof.

E. Requiring Defendant Nutrabolt to abandon its U.S. trademark applications for the FITJOY Mark.

F. Requiring Defendant Nutrabolt to transfer the domain name fitjoynutrition.com to Plaintiff.

G. Awarding Plaintiff such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests that a jury be used to decide this case.

**GRAHAM, ERVANIAN & CACCIATORE, LLP**

Dated: September 14, 2016   By /s Wesley T. Graham_____
William W. Graham, #AT0002953

Wesley T. Graham, #AT0011184
317 6th Avenue, Suite 900
Des Moines, Iowa 50309
Telephone: 515-244-9400
wwg@grahamlawiowa.com
wtg@grahamlawiowa.com

Scott W. Johnston (MN Attorney # 247558)
(pro hac vice application forthcoming)
Danielle I. Mattessich (MN Attorney # 387610)
(pro hac vice application forthcoming)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone: (612) 332-5300

Attorneys for Plaintiff